

DAVID FEUERSTEIN, ESQ
FEUERSTEIN KULICK LLP
420 LEXINGTON AVENUE, SUITE 2024
NEW YORK, NEW YORK 10170

WORK: 646.768.0591
CELL: 917.509.4570
EMAIL: david@dfmklaw.com

December 30, 2025

**VIA PACER**

Honorable Alvin K Hellerstein
U.S. District Court
For the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Hybrid NYC, LLC v. New York Cannabis Control Board* et. al., Index No. 25 Civ. 3067 (AKH)

Dear Judge Hellerstein:

This firm represents Plaintiff Hybrid NYC, LLC ("Plaintiff" or "Hybrid") in the suit referenced above (the "Hybrid Action"). We are writing pursuant to the Court's December 23, 2023 order (the "December 23rd Opinion"), pursuant to which Your Honor asked Hybrid to provide an update of Hybrid's current proceedings before the NLRB.

**I**.   **Charge No. 29-CA-362395**

On March 18, 2025, Local 338 RWSDU/UFCW ("Local 338") filed charge No. 29-CA-362395 against "Gotham NY Cannabis Dispensary." The following allegations are set forth in 29-CA-362395:

- Within the previous six months, the Employer discharged Robert Griffiths because the employee(s) joined or supported a labor organization and in order to discourage union activities and/or membership.
- Within the previous six months, the Employer disciplined or retaliated against Robert Griffiths because the employee(s) joined or supported a labor organization and in order to discourage union activities and/or membership.
- Within the previous six months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by threatening to retaliate against employees if they joined or supported a union,

Honorable Alvin K. Hellerstein
December 30, 2025
Page 2 of 4

    including but not limited to threatening legal action when employee(s) spoke out about this retaliation online.

  Local 338 amended Charge No. 29-CA-362395 on August 27, 2025. The amended charge included allegations that:

- Manager Nadine Rosario gave employees the impression that their support for and activities on behalf of Local 338, RWDSU, UFCW (the "Union") were under surveillance, and
- Employer intimidated, coerced and harassed employee Robert Anthony Griffiths Jr. by calling him in for a verbal conversation in retaliation for his union activities.

  Gotham NY Cannabis Dispensary submitted its position statement and the parties are awaiting the NLRB to complete its investigation.

**II.** **Charge No. 29-CA-365607**

  On May 5, 2025, Local 338 filed Charge No. 29-CA-365607 against Hybrid NYC LLC and Gotham NYC Management LLC (d/b/a Gotham) – as "a single employer or joint employer" – alleging that the Employer violated Sections 8(a)(1) and 8(a)(3) of the NLRA when it "serially terminated three workers on April 30, 2025, in order to purge its Brooklyn dispensary of union leaders and supporters." Local 338 further alleged that "the Employer unlawfully terminated Trevor Burt, Henry Gold, and Toni Del Sorbo in retaliation for their support of the Union and their support of unionization."

  The Union requested the Regional Director seek an injunction under Section 10(j) of the National Labor Relations Act to reinstate the aforementioned employees.

  Hybrid and Gotham submitted their position statement and the parties are awaiting the NLRB to complete its investigation.

**III**. **Charge No. 29-CA-366014**

  On May 16, 2025, Local 338 filed Charge No. 29-CA-366014 against Hybrid NYC LLC and Gotham NYC Management LLC d/b/a Gotham as "a single employer or joint employer." The charge included one allegation that the Employer violated Sections 8(a)(1) and 8(a)(3) of the NLRA when it "terminated another worker on May 9, 2025, as part of its purge of Union supporters and leaders from its Brooklyn dispensary. The Employer unlawfully terminated Jilisa Denny in retaliation for her support of the Union and support of unionization."

  The Union requested the Regional Director seek an injunction under Section 10(j) of the National Labor Relations Act to reinstate Ms. Denny immediately.

  This case is closed.

**IV**. <u>Charge No. 29-CA-367094</u>

On June 6, 2024, Local 338 filed Charge No. 29-CA-367094 against Gotham NYC Management LLC d/b/a Gotham. The charge included one allegation that the Employer violated Sections 8(a)(1) and 8(a)(3) of the NLRA; specifically, that the "Employer terminated another worker on June 2, 2025, as part of its ongoing purge of Union supporters and leaders from its Brooklyn dispensary. The Employer unlawfully terminated Charles Palmer in retaliation for his support of the Union and in support of unionization." The Union requested the Regional Director to seek an injunction under Section 10(j) of the National Labor Relations Act to reinstate Mr. Palmer immediately.

On July 10, 2025, Local 338 amended Charge No. 29-CA-367094 to include the following supplemental allegations:

- The Employer terminated another worker on June 2, 2025, as part of its ongoing purge of Union supporters and leaders from its Brooklyn dispensary. The Employer unlawfully terminated Charles Palmer in retaliation for his support of the Union and support of unionization.
- On or about May 25, 2025, the above-named Employer issued a Final Warning to employee Charles Palmer in retaliation for his protected and concerted union activities.
- On or about April 22, 2025, the Employer through its Agent and/or Supervisor Javon Ashmeade interrogated employees regarding their support for and/or activities on behalf of the Union.
- On or about April 22, 2025, the Employer through Manager Nadine Rosario interrogated employees regarding their support for and/or activities on behalf of the Union.
- On or about April 22, 2025, the Employer through Manager Nadine Rosario threatened employees with negative consequences, including a pay cut, if the employees selected the Union as their collective bargaining representative.
- On or about April 22, 2025, the above-named Employer, CEO Joanne Wilson, directed employees to dissuade other employees from supporting or selecting the Union as their collective bargaining representative.

Under the amended charge, Local 338 requested that the Regional Director seek an injunction under Section 10(j) of the Act, reinstating Mr. Palmer immediately.

Gotham submitted its position statement and the parties are awaiting the NLRB to complete its investigation.

**V**.   <u>Charge No. 29-CA-374041</u>

On September 30, 2025, Local 338 filed Charge No. 29-CA-374041 against Gotham NYC Management LLC. The charge alleged that Gotham NYC Management LLC "has engaged in and

Honorable Alvin K. Hellerstein
December 30, 2025
Page 4 of 4

is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (5) of the National Labor Relations Act." Specifically, the charge alleged that:

- After the Regional Director certified the Union on June 25, 2025, the Employer failed and/or refused to meet with representatives of the Union to bargain.
- Within the last six months, the Employer has failed and/or refused to provide or delayed in providing any information responsive to the Union's June 26, 2025 information request.

The Charge seeks 10(j) injunctive relief. Gotham submitted its position statement and the parties are awaiting the NLRB to complete its investigation.

Notably, the outcome of these proceedings does not – in any way – alter the analysis with respect to the constitutionality (or lack thereof) of the MRTA's requirement that licensees maintain a labor peace agreement.[1] Indeed, whatever the outcome of the NLRB's investigations, the NLRB will not – because it cannot – compel Hybrid to enter into a CBA because NLRA § 8(c) provides that the collective bargaining obligation "***does not compel either party to agree to a proposal or to make a concession***." (emphasis added); *see also H. K. Porter Co. v. NLRB*, 397 U.S. 99, 106 (1970) (the Board may not compel concessions or otherwise sit in judgment upon the substantive terms of collective bargaining agreements).

In the event, however, that Hybrid is required to renew its LPA as a condition to licensure, Hybrid will be forced to submit "to final and binding arbitration" if "the parties are unable to agree to a collective bargaining agreement within twelve (12) months after the commencement of good faith bargaining." (Hybrid LPA at Section 3(f).) Thus, it is the MRTA's LPA requirement – not the NLRB proceedings – that would change the status quo and force Hybrid to negotiate with Local 338 under a Sword of Damocles that otherwise would not exist under the NLRA. This further underscores the unconstitutional nature of the LPA mandate.

We thank the Court for its consideration of the matters contained herein.

Respectfully Submitted,

*/s/ David Feuerstein*
David Feuerstein

cc: all counsel of record

---

[1] *See* Marijuana Regulation and Taxation Act ("MRTA") § 64(i) (maintenance of an LPA labor peace is an ongoing material condition of licensure).