UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

HYBRID NYC LLC,

                                        Plaintiff,

        -against-

NEW YORK STATE CANNABIS CONTROL
BOARD, *et al.*,

                                        Defendants.

Case No. 1:25-cv-03067-AKH

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT**

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
28 Liberty Street, 17th Floor
New York, New York 10005
(212) 416-8621

Arastu K. Chaudhury
Yuval Rubinstein
Special Litigation Counsel
  *Of Counsel*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

   I. PLAINTIFF'S OPPOSITION FURTHER DEMONSTRATES THAT THE UNCLEAN
   HANDS DOCTRINE BARS ANY RELIEF IN THIS COURT ................................................ 2

   II. PLAINTIFF'S OPPOSITION FURTHER DEMONSTRATES THAT ITS PREEMPTION
   CLAIM IS DEFICIENT AS A MATTER OF LAW.................................................................. 4

CONCLUSION...................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Amazon.com Servs. LLC v. N.Y. State Pub. Emp. Rels. Bd.*,
  2025 WL 3295071 (E.D.N.Y. Nov. 26, 2025).................................................................. 5

*Aris-Isotoner Gloves, Inc. v. Berkshire Fashions, Inc.*,
  792 F.Supp. 969, 969-70 (S.D.N.Y. 1992) .................................................................... 3

*Arnow v. Aeroflot Russian Airlines*,
  980 F.Supp.2d 477, 482 (S.D.N.Y. 2013) ..................................................................... 5

*Casala, LLC v. Kotek*,
  789 F.Supp.3d 1025 (D. Or. 2025).................................................................................. 3

*Curaleaf Holdings, Inc. v. N.J. Cannabis Regulatory Comm'n*,
  2026 WL 1481529 (D.N.J. May 27, 2026) .................................................................... 3

*Ex parte Young*,
  209 U.S. 123 (1908)......................................................................................................... 6

*Finch v. Treto*,
  606 F. Supp. 3d 811 (N.D. Ill. 2022).............................................................................. 4

*Healthcare Ass'n of N.Y. State, Inc. v. Pataki*,
  471 F.3d 87, 96 (2d Cir. 2006) ....................................................................................... 5

*Humphrey's Executor*,
  295 U.S. 602 (1935)......................................................................................................... 5

*Johnson v. Yellow Cab Transit Co.*,
  321 U.S. 383, 387 (1944)................................................................................................. 4

*Kornea v. Miller*,
  797 F.Supp.3d 295, 303 (S.D.N.Y. 2025) ..................................................................... 2

*Lodge 76, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Wisconsin Employment
  Relations Comm'n*,
  427 U.S. 132, 147 (1976).........................................................................................*passim*

*Northeast Patients Grp. v. United Cannabis Patients & Caregivers of Me.*,
   45 F.4th 542, 553 (1st Cir. 2022) ........................................................................................ 3

*Original Investments, LLC v. State*,
   542 F.Supp.3d 1230, 1234 (W.D. Okl. 2021) ...................................................................... 4

*Peridot Tree WA, Inc. v. Washington State Liquor and Cannabis Control Board*,
   162 F.4th 1179 (9th Cir. 2026) ............................................................................................ 3

*San Diego Building Trades Council v. Garmon*,
   359 U.S. 236, 247 (1959) ............................................................................................. *passim*

*Trump v. Slaughter*,
   2026 WL 1855612, _609 U.S._ (2026) ................................................................................ 5

*Variscite NY Four, Inc. v. N.Y. State Cannabis Control Board*,
   152 F.4th 47, 67 (2d Cir. 2025) .................................................................................... *passim*

**Statutes**

N.Y. Cannabis Law § 2 ............................................................................................................. 6

**Rules**

Fed. R. Civ. P. 25 ....................................................................................................................... 1

Defendants New York State Cannabis Control Board (the "Board"), New York State Office of Cannabis Management (the "Office"), Jessica Garcia, in her official capacity as Chairwoman of the Board, and John Kagia, in his official capacity as Executive Director of the Office (collectively, "Defendants")[1] hereby submit this reply memorandum of law further support of their cross-motion for summary judgment.

## PRELIMINARY STATEMENT

The Court should grant Defendants' motion for summary judgment, and dismiss Plaintiff Hybrid NYC LLC's ("Plaintiff") Amended Complaint. Plaintiff's sole claim under the Supremacy Clause is barred by the unclean hands doctrine, and the Labor Peace Agreement ("LPA") provisions of New York's Cannabis Law are not preempted by the National Labor Relations Act.

Plaintiff's opposition further demonstrates that its claim is deficient as a matter of law. With respect to unclean hands, Plaintiff fails to even address Defendants' argument that *Variscite NY Four, Inc. v. N.Y. State Cannabis Control Board*, 152 F.4th 47 (2d Cir. 2025) acknowledged that the illegality of cannabis at the federal level continues to limit how federal interests apply in these markets. And Plaintiff's contention that the challenged LPA requirement has no connection to its cannabis sales is absurd, and ignores Defendants' core argument that Plaintiff cannot equitably invoke one federal law to preempt the LPA provisions when its cannabis sales remain unlawful under federal law.

Plaintiff's arguments on the merits fare no better. Plaintiff fails to establish that the LPA requirements are preempted by Sections 7 or 8(c) of the NLRA under *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 247 (1959), and also fails to establish that the "local interests exception" under *Garmon* and *Lodge 76, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*

---

[1] The named defendants Tremaine Wright and Felicia Reid, who were sued in their official capacities only, are automatically substituted as defendants pursuant to Fed. R. Civ. P. 25.

*v. Wisconsin Employment Relations Comm'n*, 427 U.S. 132, 147 (1976) does not apply to New York's exercise of its traditional police power under the Cannabis Law.

Accordingly, the Court should grant Defendants' cross-motion, and dismiss the Amended Complaint with prejudice.

## ARGUMENT

### I.    PLAINTIFF'S OPPOSITION FURTHER DEMONSTRATES THAT THE UNCLEAN HANDS DOCTRINE BARS ANY RELIEF IN THIS COURT

Plaintiff is barred from seeking equitable relief from this Court under the doctrine of unclean hands, as Plaintiff is seeking to engage in activity that is illegal under the Controlled Substances Act ("CSA"). ECF No. 44, Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Cross-Motion for Summary Judgment ("Def. Memo.") at 5-8. Plaintiff's opposition further demonstrates why the Court should decline to "use its judicial power" to ratify Plaintiff's conduct. *Kornea v. Miller*, 797 F.Supp.3d 295, 303 (S.D.N.Y. 2025).

First, Plaintiff relies heavily upon *Variscite NY Four, Inc. v. N.Y. State Cannabis Control Board*, 152 F.4th 47, 67 (2d Cir. 2025) in arguing that the CSA does not bar its claim for relief. ECF No. 48, Memorandum of Law in Further Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendants' Cross-Motion for Summary Judgment ("Pl. Opp.") at 4-7. However, Plaintiff fails to even address the language in *Variscite* that Defendants highlighted, in which the Second Circuit cautioned that "where the state is not discriminating against out-of-state economic interests, it *does* matter that marijuana is federal contraband." 152 F.4th at 65 (emphasis added); Def. Memo. at 5. Plaintiff's avoidance of this key distinction in *Variscite* is all

2

the more reason why the Court should conclude that the NLRA does not apply to New York's

cannabis market in light of the CSA.[2]

Nor can Plaintiff evade the unclean hands doctrine by claiming there is no "connection"

between Plaintiff's federally-illegal cannabis sales and its claim to invalidate the LPA requirement.

Pl. Opp. at 8. A court applying the unclean hands doctrine is "not bound by formula or restrained

by any limitation that tends to trammel the free and just exercise of discretion." *Aris-Isotoner

Gloves, Inc. v. Berkshire Fashions, Inc.*, 792 F.Supp. 969, 969-70 (S.D.N.Y. 1992) (cleaned up).

Plaintiff's overly rigid "formula" for applying the unclean hands doctrine is unavailing: to the

extent Plaintiff is invoking *federal* law to preempt New York's LPA requirement, and continue

reaping the financial benefits of cannabis sales, Plaintiff bears unclean hands given that such sales

are *also* barred under federal law. Def. Memo. at 7. Thus, Plaintiff's contention that "application

of the NLRA to an LPA mandate has nothing to do with the business that Plaintiff is engaged in,"

Pl. Opp. at 9, is both absurd and ignores the very reason why Plaintiff bears unclean hands.[3]

Plaintiff also claims it does not bear unclean hands because it is participating in an industry

that Defendants created, regulated, and taxed. Pl. Opp. at 8-9. But it is Plaintiff, not Defendants,

that is seeking relief from a federal court. And Plaintiff's participation in this market does not wash

---

[2] Plaintiff is similarly mistaken in arguing that *Variscite* is "no outlier," pointing to *Northeast Patients Grp. v. United Cannabis Patients & Caregivers of Me.*, 45 F.4th 542, 553 (1st Cir. 2022). Pl. Opp. at 5. In fact, the First Circuit took a stricter approach than the Second Circuit, while the Ninth Circuit has differed from both the First and Second Circuits. *See Peridot Tree WA, Inc. v. Washington State Liquor and Cannabis Control Board*, 162 F.4th 1179 (9th Cir. 2026). Although the circuits are in disagreement regarding the applicability of the CSA to cannabis markets, the Second Circuit's approach in *Variscite* supports Defendants' position regarding the inapplicability of the NLRA to a state's cannabis market.

[3] Plaintiff cites to *Casala, LLC v. Kotek*, 789 F.Supp.3d 1025 (D. Or. 2025) and *Curaleaf Holdings, Inc. v. N.J. Cannabis Regulatory Comm'n*, 2026 WL 1481529 (D.N.J. May 27, 2026). Pl. Opp. at 8. But to the extent these decisions adopted an overly narrow application of the unclean hands doctrine, and do not directly address Defendants' argument, they are neither binding nor persuasive.

away its unclean hands.[4] Although the doctrine is inapplicable where it permits "a defendant wrongdoer to retain the profits of [its] wrongdoing," *Johnson v. Yellow Cab Transit Co.*, 321 U.S. 383, 387 (1944), that scenario is inapplicable in this case. Indeed, the court in *Original Investments, LLC v. State*, 542 F.Supp.3d 1230, 1234 (W.D. Okl. 2021) rejected Plaintiff's very argument, noting that "[d]enial of equitable relief will not permit Oklahoma to retain any profits of its alleged wrongdoing *at plaintiff's expense*," and that "Oklahoma will not be profiting by any alleged wrongdoing" at all.[5] (emphasis added). So too in this case, the denial of equitable relief will not place Defendants in a more advantageous position: Plaintiff would simply continue to follow the LPA requirement, as it has been doing since entering the March 4, 2024 agreement with the union.

## II. PLAINTIFF'S OPPOSITION FURTHER DEMONSTRATES THAT ITS PREEMPTION CLAIM IS DEFICIENT AS A MATTER OF LAW

Plaintiff's Supremacy Clause claim is also deficient as a matter of law because the NLRA preemption doctrines under *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 247 (1959) and *Lodge 76, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Wisconsin Employment Relations Comm'n*, 427 U.S. 132, 147 (1976) are inapplicable. Def. Memo. at 8-19. Plaintiff's opposition fails to even address Defendants' primary arguments, and further illustrates why neither *Garmon* nor *Machinists* are applicable.

First, Defendants emphasized that Plaintiff cannot rely upon Section 7 of the NLRA to invoke *Garmon*, as that provision applies to the rights of employees, not employers. Def. Memo. at 14; *Healthcare Ass'n of N.Y. State, Inc. v. Pataki*, 471 F.3d 87, 96 (2d Cir. 2006) ("section 7 only

---

[4]Any resort to the ongoing federal rescheduling of cannabis is misplaced. That process is incomplete, and the even if rescheduled to Schedule III, sale of recreational marijuana would remain federally illegal absent a prescription.

[5] Plaintiff cites to *Finch v. Treto*, 606 F. Supp. 3d 811 (N.D. Ill. 2022), in which the court determined that both parties had unclean hands. Pl. Opp. at 8-9. But the court in *Finch* acknowledged that this issue was "novel," and that the court in *Original Investments* had reached the opposite result. *Id.* at 835.

confers rights on employees, not on employers"). Plaintiff's opposition fails to address the plain text of Section 7, as well as *Healthcare Ass'n.* Plaintiff merely rehashes the argument that the LPA requirement "necessarily limit[s] the choice of those employers' employees" to select their own representative. Pl. Opp. at 13. But this assertion is not supported by the plain text of the LPA provision in the Cannabis Law (as discussed further below), and in any case Plaintiff cannot make this argument on behalf of Gotham's employees under Section 7. Def. Memo. at 14, n.6.[6]

Plaintiff's opposition demonstrates that its reliance upon Section 8(c) of the NLRA is also misplaced. Plaintiff yet again claims it was supposedly left with "no choice" but to enter the LPA on the union's terms. Pl. Opp. at 14. Once again, Plaintiff fails to even address (or dispute) that the definition of LPA in New York's Cannabis Law is only directed at the actions of *unions* and their members. Def. Memo. at 15-16. Thus, Plaintiff could have entered an LPA in which the union agreed not to engage in strikes for $1, and this agreement would satisfy the Cannabis Law. *Id.* Plaintiff points to the Jeffrey-Coker affidavit as "evidence" the union dictated the LPA's terms, Pl. Opp. at 14, but the unsubstantiated and self-serving assertions fail to satisfy Plaintiff's burden either. *See, e.g., Arnow v. Aeroflot Russian Airlines*, 980 F.Supp.2d 477, 482 (S.D.N.Y. 2013) ("self-serving, conclusory affidavits…are insufficient to create a triable issue of fact and to defeat a motion for summary judgment").

---

[6] Defendants also emphasized that *Garmon* no longer controls following the termination without cause of Board Member Glynne Wilcox, as the *Garmon* court assumed that the NLRB was an independent agency. Def. Memo. at 13-14. The recent decision in *Trump v. Slaughter*, 2026 WL 1855612, _609 U.S._ (2026), which overruled *Humphrey's Executor*, 295 U.S. 602 (1935), further bolsters Defendants' argument, as *Garmon* was decided against the backdrop of *Humphrey's Executor*. Plaintiff cites to *Amazon.com Servs. LLC v. N.Y. State Pub. Emp. Rels. Bd.*, 2025 WL 3295071 (E.D.N.Y. Nov. 26, 2025), which determined that *Garmon* continues to apply. But that decision is interlocutory and not binding, and to the extent the court noted the question of whether "for-cause removal protections' days are numbered" had not been definitely decided, *Id.* at 4, *Slaughter* has now definitely resolved that question.

Nor does Plaintiff's opposition establish the applicability of *Machinists* preemption. The LPA requirement goes squarely to the "local interests" exception (which applies equally to *Garmon* preemption), as the existence of a legal cannabis industry is "rooted in local feeling and responsibility," and is an exercise of the State's traditional police powers. Def. Memo. at 10-11. Plaintiff argues that the exception only applies in situations of "emergency." Pl. Opp. at 17. But the exception applies more broadly to the State's traditional police powers. *Machinists*, 427 U.S. at 137 n.2. Defendants pointed to the findings in the Cannabis Law that New York had chosen to regulate the cannabis industry rather than combatting "an illicit market which represents a threat to public health." Def. Memo. at 11 (quoting N.Y. Cannabis Law § 2). Plaintiff yet again fails to even address this provision that Defendants highlighted. And to the extent Plaintiff again relies upon *Casala* in support, Pl. Opp. at 16, *Casala*'s overly narrow reading of the exception should not be followed. Def. Memo. at 11-12.[7]

---

[7] Plaintiff also continues to insist that the two named agencies, OCM and CCB, should not be dismissed on Eleventh Amendment grounds. Pl. Opp. at 17-18. Defendants were simply noting that, even if the agency heads could be named in their official capacity under *Ex parte Young*, 209 U.S. 123 (1908), the agencies themselves were not proper defendants, as they are shielded by Eleventh Amendment immunity. Def. Memo. at 19-20. It is thus puzzling that Plaintiff disputes whether the agencies are "arms of the State." Pl. Opp. at 18.

6

**CONCLUSION**

For the foregoing reasons and the reasons stated in Defendants' May 11, 2026 memorandum, the Court should grant Defendants' cross-motion for summary judgment, dismiss the Amended Complaint in its entirety and with prejudice, and grant such other and further relief as it deems just and proper.

Dated: July 16, 2026
  New York, New York

          Respectfully,

          LETITIA JAMES
          Attorney General
          State of New York
          *Attorney for Defendants*

        By:_____/s/_____
          Arastu K. Chaudhury
          Yuval Rubinstein
          28 Liberty Street
          New York, New York 10005

**CERTIFICATION**

In accordance with Local Civil Rule 7.1(c), I hereby certify that the Memorandum of Law contains 2,579 words, exclusive of caption, table of contents, table of authorities, and signature block, as established using the word count function of Microsoft Word.

Dated:  New York, New York
        July 16, 2026

_____/s/_____

Yuval Rubinstein
Special Litigation Counsel
