# EXHIBIT A

# STATE OF NEW YORK

## CHAP 369 LAWS OF 2026

10643

W/APPROVAL #7

# IN SENATE

June 1, 2026

Introduced by Sen. RAMOS -- read twice and ordered printed, and when printed to be committed to the Committee on Rules

AN ACT to amend the cannabis law and the labor law, in relation to labor peace agreements and the cannabis wage industry board; and repealing certain provisions of the cannabis law relating thereto

The People of the State of New York, represented in Senate and Assembly, do enact as follows:

Section 1. Subdivision 29 of section 3 of the cannabis law is REPEALED.

§ 2. Subdivision 24 of section 10 of the cannabis law is amended to read as follows:

24. The board shall, two years after the first retail sale pursuant to this chapter, review the impact of licenses issued pursuant to article four of this chapter with substantial market share for any category of licensure, to determine if such licensees are impairing the achievement of the goals of inclusion of social equity licensees, fairness for small businesses and distressed farmers, adequate supplies of cannabis and prevention of dominant marketplace participation in the cannabis industry. The board may modify the terms of the licensee's license consistent with the determination and to better achieve those goals. Any such modification may be appealed by the licensee for a formal hearing as provided in section seventeen of this article. For any licensee such review shall include violations of New York state labor law [and labor peace agreements]. Further, an existing collective bargaining agreement shall not be infringed or voided by any licensee who after such review suffers from a reduction in market share.

§ 3. Subparagraphs (iii), (iv) and (v) of paragraph (a) of subdivision 1 of section 35 of the cannabis law are amended to read as follows:

(iii) [that the applicant has entered into a labor peace agreement with a bona fide labor organization that is actively engaged in representing or attempting to represent the applicant's employees and the maintenance of such a labor peace agreement shall be an ongoing material condition of certification;

EXPLANATION--Matter in *italics* (underscored) is new; matter in brackets [ ] is old law to be omitted.

LBD16055-03-6

PRINTED ON RECYCLED PAPER

(iv)] the applicant's status as a for-profit business entity or not-for-profit corporation; and

[(v)] (iv) the application shall include the name, residence address and title of each of the officers and directors and the name and residence address of any person or entity that is a member of the applicant. Each such person, if an individual, or lawful representative if a legal entity, shall submit an affidavit with the application setting forth:

(A) any position of management, interest or ownership during the preceding ten years of a ten per centum or greater interest in any other cannabis business, or applicant, located in or outside this state, manufacturing or distributing drugs including indirect management, interest, or ownership of parent companies, subsidiaries, or affiliates;

(B) whether such person or any such business has been convicted of a felony or had a registration or license suspended or revoked in any administrative or judicial proceeding, and if applicable, the history of violations or administrative penalties with respect to any license to cultivate, manufacture, distribute or sell adult-use cannabis or medical cannabis; and

(C) such other information as the board may reasonably require.

§ 4. Subparagraphs (vi), (vii) and (viii) of paragraph (a) of subdivision 3 of section 35 of the cannabis law are amended to read as follows:

(vi) the applicant and its managing officers are of good moral character; and

(vii) [the applicant has entered into a labor peace agreement with a bona fide labor organization that is actively engaged in representing or attempting to represent the applicant's employees; and the maintenance of such a labor peace agreement shall be an ongoing material condition of registration; and

(viii)] the applicant satisfies any other conditions as determined by the board.

§ 5. Paragraph (a) of subdivision 6 and subdivision 7 of section 35 of the cannabis law are amended to read as follows:

(a) The board shall renew a registration unless [he or she] the board determines and finds that:

(i) the applicant is unlikely to maintain or be able to maintain effective control against diversion;

(ii) the applicant is unlikely to comply with all state laws applicable to the activities in which it may engage under the registration;

(iii) it is not in the public interest to renew the registration because the number of registered organizations in an area is excessive to reasonably serve the area; or

(iv) [the applicant has either violated or terminated its labor peace agreement; or

(v)] the applicant has substantively violated the laws of another jurisdiction, in which they operate or have operated a cannabis license or registration, related to the operation of a cannabis business.

7. The board may suspend or terminate the registration of a registered organization, on grounds and using procedures under this article relating to a license, to the extent consistent with this article. [The board shall suspend or terminate the registration in the event that a registered organization violates or terminates the applicable labor peace agreement.] Conduct in compliance with this article which may violate conflicting federal law, shall not be grounds to suspend or terminate a registration.

§ 6. Paragraph (i) of subdivision 1 of section 64 of the cannabis law is amended to read as follows:

PRINTED ON RECYCLED PAPER

(i) [the applicant has entered into a labor peace agreement with a bona-fide labor organization that is actively engaged in representing or attempting to represent the applicant's employees, and the maintenance of such a labor peace agreement shall be an ongoing material condition of licensure.] In evaluating applications from entities with twenty-five or more employees, the office shall give consideration to whether applicants have entered into an agreement with a statewide or local bona-fide building and construction trades organization for construction work on its licensed facilities;

§ 7. Subdivision 5 of section 66 of the cannabis law is REPEALED.

§ 7-a. Section 66 of the cannabis law is amended by adding a new subdivision 5 to read as follows:

5. Each applicant or renewal applicant, shall provide the full ownership structure of the licensee, any management service agreements, including the full ownership structure of the company providing such services, and a report to the board that will be made publicly available on the office's website on the following data:

(a) the range of salary and/or hourly rates of pay offered for each job title; and

(b) the average number of hours scheduled or offered for each position.

§ 8. Section 665 of the labor law is renumbered section 669 and a new section 665 is added to read as follows:

§ 665. Cannabis industry wage board. 1. The commissioner shall hereby convene a cannabis industry wage board. The wage board shall be comprised of three members: one representative of the New York state licensed cannabis industry; one representative of the New York state AFL-CIO; and one member appointed by the commissioner, who shall be selected from the general public and designated as chairperson. The wage board shall hold its first hearing no later than March first, two thousand twenty-seven. The members of the board shall not receive a salary or other compensation but shall be paid actual and necessary traveling expenses while engaged in the performance of their duties.

2. Two-thirds of the members of the board shall constitute a quorum. The chairperson may from time to time formulate rules governing the manner in which the wage board shall function and perform its duties under this article.

3. The wage board shall have power to conduct public hearings. The board may also consult with cannabis employers, cannabis workers, and their respective representatives, in the occupation or occupations involved, and with such other persons, as it shall determine. The board shall also have power to administer oaths and to require by subpoena the attendance and testimony of witnesses, and the production of all books, records, and other evidence relative to any matters under inquiry. Such subpoenas shall be signed and issued by the chairperson of the board and shall be served and have the same effect as if issued out of the supreme court. The board shall have power to cause depositions of witnesses residing within or without the state to be taken in the manner prescribed for like depositions in civil actions in the supreme court. The board shall not be bound by common law or statutory rules of procedure or evidence.

4. The wage board shall only meet within the state and must hold at least three hearings at which the public will be afforded an opportunity to provide comments. At least one Spanish language interpreter shall be present at each public hearing to interpret oral testimony delivered in Spanish. Where a witness reveals the need for an interpreter in a

PRINTED ON RECYCLED PAPER

language other than Spanish, to the extent practicable, an interpreter in that language shall be provided. Any materials advertising such hearings shall be bilingual in English and Spanish. Any written materials disbursed at the hearing or subsequent to the hearing, including written testimony and hearing transcripts, shall be available in English, Spanish, and, to the extent practicable, any other language upon request.

5. The wage board shall make a report to the governor and the legislature, including, but not limited to, its recommendations as to minimum hourly wages. The report shall recommend prospective wage increases in the same manner as minimum wage increases pursuant to subdivision 1-b of section six hundred fifty-two of this article. The report shall include specific recommendations for workers in each of the following areas: cultivation; processing and packaging; distribution; and retail and delivery. The board shall have the discretion to include specific recommendations for additional classifications of cannabis industry worker, and an industry-wide minimum wage for workers not captured within any specific classification, and shall have the discretion to determine that wages in the industry are adequate. The report and recommendations of the board shall be submitted only after a vote of not less than a majority of all its members in support of such report and recommendations. Such report shall be submitted no later than December thirty-first, two thousand twenty-seven.

6. Nothing contained in the wage board's report or recommendations shall diminish or limit any rights, protections, benefits or entitlements currently enjoyed by and/or available to any cannabis worker in the state.

7. The commissioner shall comply with section six hundred fifty-six of this article upon receipt of the wage board's recommendations. The commissioner may reconvene the same wage board or appoint a new wage board in compliance with section six hundred fifty-nine of this article.

§ 9. This act shall take effect immediately; provided, however, sections seven-a and eight of this act shall take effect January 31, 2027.



APPROVED

OCT 28 2026

PRINTED ON RECYCLED PAPER

# STATE OF NEW YORK

SENATE BILL NO. 10643

In Senate JUN 4 2026

This bill was duly passed, a majority of all the Senators elected voting in favor thereof, **three-fifths** being present.

By order of the Senate,

ACTING President

2026 CHAPTER NO. 369

# STATE OF NEW YORK

ASSEMBLY BILL NO. ____________________

In Assembly JUN - 5 2026

This bill was duly passed, a majority of all the members elected to the Assembly voting in favor thereof, **three-fifths** being present.

By order of the Assembly,

Speaker

ACTING